IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN M. RITTELMEYER, et al.,
    Plaintiffs,

v.                                Case No. 3:07cv534/LAC/EMT

HARBOUR POINTE LAND & FINANCE,
LLC, et al.,
    Defendants.
                                     /

**O R D E R**

This cause is before the court upon Plaintiffs' Motion to Compel Discovery (Doc. 28), and Defendants' responses thereto (Docs. 49, 50). Also before the court is the parties' "Joint Submission Regarding Modification to Scheduling Order (and Report of Parties' Supplemental Planning Meeting)" (Doc. 45).

I.    BACKGROUND

In this diversity action, Plaintiffs alleged in their original complaint that prior to March 3, 2005, Harbour Pointe sent Plaintiffs a Prospectus (Offering Circular) for Harbour Pointe Condominiums (Doc. 1 at 2). The Prospectus included floor plans of the units on floors 2–9 and showed Unit 802 as the second unit from the West side of the building (*id*). Plaintiffs purchased Unit 802 on March 3, 2005, by executing a purchase contract (hereafter "contract") and sending a deposit of $108,870.40 to Harbour Pointe to be paid into an escrow account (*id*.). Plaintiffs contend that at the time the contract was executed, they believed the subject of the contract to be the second unit from the West on the 8th floor, as described in the Prospectus (*id*.). Plaintiffs allege that the location of the condominium unit was a material term of the contract (*id*.). On or about January 25, 2005, Harbour Pointe had prepared, but not disclosed to Plaintiffs, a revised floor plan (*id*. at 2–3). Harbour Pointe entered into a separate purchase agreement with a non-party to sell the second unit

from the West on the 8th floor (Plaintiffs' unit) (*id*. at 3).  Plaintiffs did not close on the property, and Harbour Pointe has not returned Plaintiffs' deposit (*id*.).  The complaint seeks a declaratory judgment and asserts claims for fraudulent inducement/rescission of contract; intentional and/or willful misrepresentation; reckless, negligent and/or innocent misrepresentation; fraudulent suppression; and breach of contract (*see* Doc. 1).

Plaintiffs filed an amended complaint on April 30, 2008 (Doc. 30), stating the same facts and allegations as in the original complaint, but adding four Defendants and an additional cause of action entitled "liability of member defendants" (*id*. at 6).  In support of the additional claim, Plaintiffs allege that Harbour Pointe's former counsel notified Plaintiffs that Harbour Pointe was dissolved, and distributions were made to its members (*id*.).  Thus, in their amended complaint, Plaintiffs seek to hold the "member defendants" liable on the premise that members of a dissolved corporation remain liable for claims against the dissolved corporation (*see* F.S.A. §§ 607.1406–07) (*id*. at 7).

On April 14, 2008, the court granted a motion by Defendants' counsel to withdraw as attorney (Doc. 25).  On the same day, Plaintiffs filed a motion to compel discovery (Doc. 28).  On April 16, 2008, the court issued an order giving Defendants an opportunity to respond to Plaintiffs' motion to compel, and instructed Defendants to obtain new counsel (Doc. 32).[1]  David K. Minacci filed a Notice of Appearance on behalf of Defendants on May 20, 2008 (Doc. 40).  On May 21, 2008, counsel for both parties submitted a "Notice of Joint Submission Regarding Modification to Scheduling Order (and Report of Parties' Supplemental Planning Meeting)" (Doc. 45), explaining that many of the issues in Plaintiffs' motion to compel (Doc. 28) have been resolved, and outlining the remaining discovery disputes between the parties (Doc. 45 at  2–5).  On June 5, 2008, Defendants filed a response to Plaintiffs' motion to compel (Doc. 49) and a supplemental response to Plaintiffs' request for production and interrogatories (Doc. 50).  In Document 49, Defendants request, and Plaintiffs' consent, that this court deny Plaintiffs' motion to compel on the basis that the issues in Plaintiffs' motion to compel are moot because recently retained defense counsel has now responded to Plaintiffs' motion to compel as outlined in Document 50 (*see generally* Docs. 49,

---

[1] It is well settled law that a corporation is an artificial entity which cannot appear pro se in legal proceedings but must be represented by counsel.  *See* Palazzo v. Gulf Oil Corp., 764 F.2 1381, 1385 (11th Cir. 1985), *cert. denied*, 474 U.S. 1058 (1986).

Case No.: 3:07cv534/LAC/EMT

50).

In its initial scheduling order, the District Court set the discovery deadline for May 21, 2008 (Doc. 7). The District Court subsequently granted the parties' "Joint Submission Regarding Modification to Scheduling Order" (with an incorporated request to extend the discovery deadline to September 15, 2008) (Doc. 45) to the extent that the discovery deadline shall remain open pending the undersigned's review of the identified discovery disputes, and the District Court further noted that the undersigned should consider the parties' request to extend the discovery deadline (*see* Doc. 51). In the joint submission, the parties outlined the remaining discovery disputes to be resolved as follows: (1) whether Defendants are entitled to depose Plaintiff Kevin M. Rittelmeyer and Plaintiff Timothy B. Smith; (2) whether Defendants are entitled to discovery concerning the circumstances surrounding negotiations for the condominium unit at issue, such as Plaintiffs' reliance on the preparation and dissemination of floor plans, Plaintiffs' financial ability to close on the property at issue, and Plaintiffs' claim to the deposit they provided to Defendants; and (3) whether the parties are entitled to additional interrogatories, requests for production ("RFPs"), requests for admissions, and depositions (Doc. 45 at 2–4).[2]

## II. CONTROLLING LAW

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See* United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958). Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Relevant information is discoverable even if it is not admissible at trial, "if the discovery appears reasonably

---

[2]The parties request a conference with the court prior to the entry of a new scheduling order (Doc. 45 at 5). Additionally, the parties agree that all dispositive motions should be filed by October 1, 2008, and that the case should be ready for trial in December 2008 (*id.*).

Case No.: 3:07cv534/LAC/EMT

calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See id.*; Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991). In addition, "discovery is not limited to issues raised by the pleadings." Oppenheimer, 437 U.S. at 351. Finally, discovery is expected to be accomplished voluntarily with minimal judicial intervention. *See* Bell v. Brary and Gillespie, LLC, No. 6:05-CV-355-ORL-19JG, 2006 WL 923741, *1 (M.D. Fla. 2006).

The Federal Rules provide that a party may serve written interrogatories on a party, related to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a). The responding party must serve its answers and any objections within thirty (30) days, and "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b).

Similarly, the Rules provide that a party may serve requests for production of documents which are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984). The response, due within thirty (30) days of being served, shall state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reasons for objection shall be stated. Fed. R. Civ. P. 34(b)(2). If the documents for production are not in existence, the objecting party should so state under oath. *See* Cairnes v. Chicago Exp., Inc., 25 F.R.D. 169, 170 (N.D. Ohio 1960). An evasive or incomplete answer to a request for production is to be treated as a failure to answer. Fed. R. Civ. P. 37(a)(4). If a party fails to answer a request for production, the discovering party may move for an order compelling a response. Fed. R. Civ. P. 37(a)(3). Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. *See* Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

III.   DISCUSSION

As previously noted, the parties submitted a request to modify the initial scheduling order (Doc. 45), in which they have outlined the remaining disputed discovery issues. For ease of

reference, the court will utilize the parties' outline for this discussion.

      A.      Depositions of Kevin M. Rittelmeyer and Timothy B. Smith

Defendants request permission to take the depositions of Plaintiffs Kevin M. Rittelmeyer and Timothy B. Smith. Defendants state that on April 17, 2008, the court granted Plaintiffs' request to amend their complaint to add four (4) additional parties (Doc. 33). The order granting Defendants' previous attorney's motion to withdraw was entered on April 14, 2008 (Doc. 25). The order adopting the initial discovery plan required all discovery to be completed by May 21, 2008 (Doc. 7). Defendants' previous attorney did not conduct any discovery prior to withdrawing from the case (Doc. 45 at 3). Defendants' position is that the interests of justice would best be served by allowing recently retained defense counsel to have the opportunity to depose Plaintiffs (*id.*).

Plaintiffs object to Defendants' request to depose them and state that Harbour Pointe should not benefit from their delay in obtaining counsel (*id.*). Additionally, Plaintiffs state that Harbour Pointe had ample opportunity under the initial scheduling order to depose Plaintiffs, and they failed to do so (*id.*).

The court grants Defendants' request to depose Plaintiffs Kevin M. Rittelmeyer and Timothy B. Smith. The court finds that the testimony of the Plaintiffs is obviously relevant, reasonably calculated to lead to the discovery of admissible evidence, and necessary for a fair resolution of this case. Although the court agrees with Plaintiffs that these depositions should have already been taken pursuant to the initial scheduling order, the court is not willing to punish Defendants for their original attorney's lack of diligence in setting Plaintiffs' depositions. Additionally, because the undersigned intends to extend the discovery deadline to September 15, 2008, as proposed in the parties' joint submission, the court finds that there is ample time to complete these depositions (*see id.*).

      B.      Whether Defendants are entitled to discovery concerning the circumstances of Unit 802, such as Plaintiffs' reliance on the preparation and dissemination of floor plans, Plaintiffs' financial ability to close on the property at issue, and Plaintiffs' claim on Defendants' deposit

Defendants request discovery concerning the negotiations regarding Unit 802, such as Plaintiffs' reliance on the preparation and dissemination of floor plans, Plaintiffs' financial ability to close on the property, and Plaintiffs' claim to the deposit they submitted to Defendants for the

property (*id.* at 2). Defendants allege that recently retained defense counsel should be given an opportunity to obtain this information (*id.* at 3).

Plaintiffs object by stating that Harbour Pointe had the obligation to request this information pursuant to the initial scheduling order (*id.*). Plaintiffs also allege that the addition of four (4) new Defendants should not in any way enhance Harbour Pointe's opportunity to conduct discovery, since the company as a whole is the entity liable for the breach of contract (*see id.*).

The court will allow Defendants to conduct discovery regarding the information as outlined above. The court finds this information to be relevant and reasonably calculated to lead to the discovery of admissible evidence. Again, the court agrees that this discovery should have been conducted earlier, and it appears that Defendants' first attorney was not diligent in obtaining the information. Nevertheless, in light of the basic premise that Federal Rules of Civil Procedure strongly favor full discovery whenever possible, the court finds discovery on these issues appropriate.

> C. The parties disagree regarding the number of interrogatories, RFPs, requests for admissions, and depositions that should be allowed at this point

Plaintiffs request a maximum of five (5) interrogatories to each Defendant (*id.* at 4). Plaintiffs also request that the court limit these interrogatories to the subjects of compliance with statutory dissolution notice provisions and the transactional matters which impact the liability of the individual members of the dissolved company (*id.*). Defendants request a maximum of 25 interrogatories by Defendants to Plaintiffs and by Plaintiffs to Defendants (*id.*). Both parties agrees that responses shall be due within 30 days of service of the interrogatories (*id.*).

Similarly, Plaintiffs request a maximum of five (5) RFPs to each Defendant limited to the subjects of compliance with statutory dissolution notice provisions and the transactional matters which impact the liability of individual members of the dissolved company (*id.*). Defendants request 20 RFPs by Defendants to Plaintiffs and by Plaintiffs to Defendants (*id.*). Both parties agree that responses shall be due within 30 days after service of the RFPs (*id.*).

Finally, Plaintiffs request a maximum of five (5) requests for admissions to each Defendant limited to the subjects of compliance with statutory dissolution notice provisions and the transactional matters which impact the liability of individual members of a dissolved company (*id.*).

Defendants request a maximum of ten requests for admissions by Defendants to Plaintiffs and by Plaintiffs to Defendants (*id.*). Both parties agree that responses shall be due within 30 days of service of the request for admissions (*id.*).

The court believes that the interests of justice would best be served by granting Defendants' requests, in order to facilitate full disclosure of all relevant information so that the ultimate resolution of the disputed issues in this action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See* Procter & Gamble Co., 356 U.S. at 682. Thus, the court will allow the parties to serve on each other a maximum of 25 interrogatories.[3] The court will also allow a maximum of 20 RFPs and 10 requests for admissions by the parties. The court declines to dictate or limit the nature of the discovery requests. *See, e.g.*, Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."); Fed. R. Civ. P. 26(b) (unless otherwise limited by court order, discovery is permitted on "any nonprivileged matter that is relevant to any party's claim or defense"). As proposed by the parties, and consistent with the Rules, all responses to interrogatories, RFPs, and requests for admissions are due within thirty (30) days of service.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion to Compel Discovery (Doc. 28) is **DENIED as moot**.
2. The discovery deadline is hereby extended to **SEPTEMBER 15, 2008**.

**DONE AND ORDERED** this 12th day of June 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]The court notes that Fed. R. Civ. P. 33(a)(1) provides for a maximum of 25 interrogatories, and the District Court has previously ordered that the "number of interrogatories shall be governed by Rule 33(a)" (*see* Doc. 7 at 4).

Case No.: 3:07cv534/LAC/EMT